IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KELVIN FRAZIER,

    Plaintiff,

v.                                    CASE NO. 1:18-cv-211-MW-GRJ

MAYO CORRECTIONAL INSTITUTION,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, an inmate in the custody of the Florida Department of Corrections at Mayo Correctional Institution, initiated this case by filing handwritten pleadings construed as a prisoner civil rights complaint in the Southern District of Florida. ECF No. 1.  Because the Complaint stems from the conditions of confinement at Mayo CI, the case was transferred to this Court.  ECF No. 4.

The Complaint consists of a partially-completed prison grievance form.  Plaintiff states that his "health, life, and safety" are in danger and that he would like the Court to send the FBI, U.S. Marshals, FDLE, the FDOC Inspector General, and the FDOC General Counsel to investigate.  Plaintiff

1

asks the Court to "please prevent a 'murder, killing, death, torture, torment.'" ECF No. 1.

The Complaint is deficient because Plaintiff failed to use the Court's form for prisoner civil rights complaints. Pursuant to Fla. N.D. Local Rule 5.7(A), the Court "need not–and ordinarily will not–consider a . . . complaint that is not filed on the proper form." Further, Plaintiff did not pay the $400.00 filing fee, nor did he file a motion for leave to proceed as a pauper. The Court will not require Plaintiff to correct these deficiencies, because this case is due to be dismissed pursuant to the three-strikes bar of 28 U.S.C. § 1915(g).

Plaintiff is subject to the three-strikes bar because he has had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) *Frazier v. Moore*, 3:03-cv-08-RH (N.D. Fla. June 5, 2003); (2) *Frazier v. Buss*, 4:11-cv-98-SPM-WCS (N.D. Fla. July 15, 2011); (3) *Frazier v. Adams*, 2:12-cv-14220-JEM (S.D. Fla. Aug. 15, 2012). Additionally, Plaintiff conceded he was a three-striker in a prior case before this Court. However, the defendants in that case paid the filing fee upon removal of the case to federal court. *See Frazier v. Jones*, 4:16-cv-281-MW-GRJ (N.D. Fla. Oct. 28, 2016). At least one court in this District summarily dismissed

without prejudice a lawsuit Plaintiff filed after finding that Plaintiff was barred from proceeding as a pauper under § 1915(g) and failed to pay the filing fee at the time he initiated suit. *See Frazier v. Bowman*, 3:13-cv-10-LAC-EMT (N.D. Fla. Feb. 15, 2013). This Court has confirmed that the inmate identification number of the plaintiff in the previous cases is the same as Plaintiff's inmate identification number in this case: 099699.

Plaintiff is therefore barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." § 1915(g). The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* Vague allegations of harm and unspecific references to injury are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger

exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the exception is not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Plaintiff claims that he faces imminent danger, but the Complaint is devoid of *any* factual allegations that support his claim. *See* ECF No. 1. Plaintiff's conclusional assertion of "imminent danger" is insufficient to overcome the three-strikes bar.

Accordingly, the Court concludes that the three-strikes provision of § 1915(g) bars Plaintiff from bringing this case as a pauper. A prisoner who is no longer entitled to proceed as a pauper must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Plaintiff did not pay the filing fee at the time he initiated this suit. This case is therefore due to be dismissed.

It is therefore respectfully **RECOMMENDED** that this case should be **DISMISSED WITHOUT PREJUDICE** pursuant to the three-strikes bar

of 28 U.S.C § 1915(g).

IN CHAMBERS this 25th day of October 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**